IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONAHUE LAND, LLC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 3:25-cv-00390-RAH-KFP |
| | ) |
| CITY OF AUBURN, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Donahue Land, LLC and Lake Martin, Inc. filed this lawsuit against the City of Auburn, a municipal corporation, asserting federal claims under the Fifth and Fourteenth Amendments and a state law claim for breach of contract. Plaintiffs also sought declaratory and injunctive relief. All of Plaintiffs' claims center upon the City's refusal to re-zone Plaintiffs' property from a Rural (R) zoning designation to a Comprehensive Development District (CDD) or Limited Development District (LDD) designation. Plaintiffs allege that a CDD or LDD designation allows for the best and highest use of the property.

After the City moved to dismiss, the Magistrate Judge issued a Recommendation (doc. 16) on August 28, 2025, that the motion be granted. Plaintiffs subsequently filed a timely objection, and the City has filed a response. Thus, the objection is ripe for resolution.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo*. *See* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.

R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *See Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to a magistrate judge's recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *See id.* And when a party chooses to raise an argument for the first time at the objection phase, rather than allowing the magistrate judge to consider it for report and recommendation, it is within the district court's discretion to consider those arguments. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also United States v. Holstick*, 810 F. App'x 732, 735 (11th Cir. 2020) (discussing in a motion to suppress context a district court's broad discretion whether to consider an argument first raised at the objection phase and after the magistrate judge submitted the report and recommendation).

To begin, Plaintiffs do not object to the Magistrate Judge's Recommendation concerning the dismissal of their Fourteenth Amendment claims. Accordingly, the recommendation of dismissal of those claims will be adopted, and the claims will be dismissed.

Plaintiffs instead direct their objections to the Fifth Amendment and breach of contract claims. As to the Fifth Amendment claim, in her Recommendation, the Magistrate Judge applied the *Penn Central* test to Plaintiffs' complaint allegations to determine whether Plaintiffs had plausibly pleaded a regulatory taking of their property when their 2024 zoning request was denied. That test sets out three non-exclusive factors commonly used to guide courts in determining whether a regulatory taking has occurred for Fifth Amendment purposes: "(1) the economic impact of the regulation on the landowner, (2) the extent to which the regulation

interfered with the landowner's reasonable investment backed expectations, and (3) the character of the governmental action." *BVCV High Point, LLC v. City of Prattville*, No. 2:21-cv-821-WKW, 2022 WL 3716592, at *7 (M.D. Ala. Aug. 29, 2022). Plaintiffs do not argue that this was the wrong test to apply. Instead, they argue the Magistrate Judge incorrectly applied it.

The Court has reviewed de novo the Magistrate Judge's Recommendation concerning the Fifth Amendment claim and the application of the *Penn Central* factors and finds that they were properly considered, properly applied, and that the Magistrate Judge reached the correct decision. Accordingly, the Magistrate Judge's Recommendation concerning the dismissal of the Fifth Amendment claim (Count I) is due to be adopted.

The Magistrate Judge also recommended dismissal of the state law claim for breach of contract (Count IV) for lack of standing. Since this Court's jurisdiction to hear this claim is supplemental and turns on the viability of the federal claims that are being dismissed, the Court elects not to retain supplemental jurisdiction over them. *Shotz v. City of Plantation*, 344 F.3d 1161, 1185 (11th Cir. 2003) (a district court may decline supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)); *see also Kamel v. Kenco/The Oaks at Boca Raton, LP,* 321 F. App'x 807, 811 (11th Cir. 2008) (per curiam) (citations omitted) (referring to as "well settled in our circuit" that district courts should dismiss state law claims when the federal claims are dismissed). Accordingly, the Magistrate Judge's Recommendation will not be adopted as it concerns the dismissal of the state law claims for lack of standing. Instead, they simply will be dismissed without prejudice.

Upon an independent and de novo review of the record, it is **ORDERED** as follows:

(1)  There being no objection concerning the Magistrate Judge's recommendation as to the dismissal of the Fourteenth Amendment claims (Counts II and III), the Magistrate Judge's Recommendation is **ADOPTED**;

(2)  Plaintiffs' objection to the Magistrate Judge's recommendation as to the Fifth Amendment claim (Count I) is **OVERRULED**;

(3)  Counts I, II, III and V (to the extent Count V is tied to Counts I, II and III) are hereby **DISMISSED** for the reasons provided by the Magistrate Judge; and,

(4)  The Magistrate Judge's recommendation as to state law claims found in Counts IV and V (to the extent Count V is tied to Count IV) is **REJECTED**. Instead, these claims are hereby **DISMISSED** without prejudice.

**DONE** and **ORDERED** on this the 20th day of October 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE